Argued and submitted September 9, 2005, decision of Court of Appeals reversed;
judgment of circuit court affirmed March 30, 2006

### STATE OF OREGON,
*Petitioner on Review,*

*v.*

### RICHARD LAWRENCE PEREZ,
*Respondent on Review.*

(CC 0201-30132; CA A119741; SC S52267)

131 P3d 168

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. On the briefs were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General.

Jamesa J. Drake, Deputy Public Defender, Salem, argued the cause for respondent on review. On the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Carson,** Chief Justice, and Gillette, Durham, Riggs, De Muniz,*** Balmer, and Kistler, Justices.

CARSON, J.

** Chief Justice at the time of argument.
*** Chief Justice at the time the decision was issued.

**CARSON, J.**

The issue in this criminal case is whether the Court of Appeals improperly considered, as plain error, an unpreserved claim of sentencing error under the Sixth Amendment to the United States Constitution and the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000) and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). *State v. Perez*, 196 Or App 364, 373, 102 P3d 705 (2004). For the reasons that follow, we hold that the Court of Appeals should not have considered the claim of error.

The following facts are undisputed. In January 2002, police officers observed defendant jaywalking, and they stopped him to issue a citation for failure to obey a traffic control device, ORS 814.020(1). During that stop, the officers asked defendant if he had any illegal drugs or weapons in his possession and also asked if they could search him. Defendant denied having any drugs or weapons and consented to a search. During that search, the officers found several individually wrapped packets of cocaine and a spring-loaded knife disguised as a cigarette lighter. After the officers read defendant his *Miranda* rights, defendant admitted that he had been selling the cocaine. Defendant was indicted on the following counts: (1) delivery of a controlled substance within 1,000 feet of a school, *former* ORS 475.999(1) (2001), *renumbered as* ORS 475.904(1) (2005); (2) delivery of a controlled substance, *former* ORS 475.992(1) (2001), *renumbered as* ORS 475.840(1) (2005); (3) possession of a controlled substance, *former* ORS 475.992(4) (2001), *renumbered as* ORS 475.840(3) (2005); and (4) felon in possession of a restricted weapon, ORS 166.270(2).

Defendant was tried before a jury on counts one, two, and three. The jury was unable to reach a verdict on counts one and two, but did find defendant guilty on count three. Defendant waived his jury trial right on count four and was tried to the court. The trial court found defendant guilty on count four.[1] After the trial court declared a mistrial on counts

---

[1] Defendant did not appeal his sentence on count four, and we therefore do not address defendant's sentence on that count.

one and two, the state and defendant entered into an agreement. Pursuant to that agreement, the state dismissed count one and, in exchange, defendant waived his jury trial right on count two and submitted count two to the trial court on stipulated facts. The trial court thereafter found defendant guilty on count two.

Under the Oregon Felony Sentencing Guidelines (sentencing guidelines), defendant's presumptive sentence on count two was 25 to 30 months of imprisonment, and his presumptive sentence on count three was probation. At sentencing, the trial court reviewed the presentence investigation report (PSI) and found the following aggravating facts: (1) defendant persistently had been involved in similar offenses; (2) defendant was "on supervision" at the time of the present offenses; and (3) "repeated supervision/incarceration had failed to deter" defendant from engaging in criminal conduct. Based upon those findings, the trial court imposed an upward departure sentence of 40 months of imprisonment on count two and a concurrent departure sentence of six months of imprisonment on count three.[2]

Defendant did not admit to any of the facts that the trial court relied upon in imposing the departure sentences, and, as noted, a jury did not find those facts beyond a reasonable doubt. On the other hand, and although he was represented by counsel at his sentencing, defendant did not object to the trial court's finding of the aggravating facts; neither did he request that a jury find the facts beyond a reasonable doubt.[3]

On appeal, relying upon the United States Supreme Court's decision in *Apprendi*, 530 US 466, defendant argued that the trial court had exceeded its authority by imposing departure sentences based upon facts that defendant had not admitted or that a jury had not found beyond a reasonable

---

[2] *See* OAR 213-008-0001 (providing that "the sentencing judge shall impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure").

[3] Defendant did file motions to suppress the presentence investigation report (PSI) and to strike certain parts of the PSI, arguing that the report contained hearsay statements and that the report writer was biased and not qualified to issue the opinions listed in the report. The trial court denied those motions.

doubt. Defendant further claimed that the aggravating facts that the trial court had relied upon in imposing his departure sentences did not fit within the prior conviction exception to the Sixth Amendment requirements articulated in *Apprendi*.[4] Defendant asserted that the Court of Appeals should consider his Sixth Amendment claim, even though he had failed to preserve it by objecting at sentencing, because the trial court's failure to recognize and apply the principles set out in *Apprendi* constituted plain error.

After explaining the framework for analyzing a claim of plain error, the Court of Appeals considered the scope of the prior conviction exception to the *Apprendi* rule. *Perez*, 196 Or App at 369. The Court of Appeals concluded that the prior conviction exception is a narrow exception, limited to the "bare fact" that a defendant had a prior conviction. *Id.* at 371. Applying that standard, the Court of Appeals determined that the aggravating facts relied upon by the trial court in imposing defendant's departure sentences were additional findings beyond the "bare fact" of a prior conviction; thus, the Court of Appeals concluded, the trial court had committed an error of law. *Id.* at 371-73. The Court of Appeals further concluded that its narrow interpretation of the prior conviction exception was "beyond reasonable dispute[;]" the court therefore held that the trial court's error had been apparent on the face of the record. *Id.* at 373. Finally, the Court of Appeals chose to exercise its discretion to correct the sentencing error and vacated defendant's sentences. *Id.* at 373. We allowed the state's petition for review.

In *Apprendi*, the Supreme Court held that the Sixth Amendment to the United States Constitution requires that "any fact[,] [other than the fact of a prior conviction,] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 US at 490.[5] In

---

[4] In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000).

[5] The Sixth Amendment to the United States Constitution provides, in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and

*Blakely*, the Court clarified the meaning of the phrase "prescribed statutory maximum" from *Apprendi*:

"[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."

*Blakely*, 542 US at 303-04 (internal citations omitted; emphasis in original). "Thus, in accordance with *Blakely*, the presumptive sentence under the sentencing guidelines is the 'statutory maximum' that constitutionally may be imposed, absent the defendant's admission of aggravating facts or a jury finding of such facts beyond a reasonable doubt." *State v. Gornick*, 340 Or 160, 165, 130 P3d 780 (2006). The one exception to the rule set out in *Apprendi* is that the trial court may take notice of prior convictions and increase a sentence based upon that finding. *Blakely*, 542 US at 301. Those are the constitutional rules applicable to sentencing situations like that faced by defendant.

■■■ As mentioned previously, defendant's claim of error indisputably was not preserved; it therefore can be considered only if it qualifies as plain error. ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief * * *, provided that the appellate court may consider an error of law apparent on the face of the record."

"That exception to the preservation requirement also is known as 'plain error.'" *Gornick*, 340 Or at 166 (citing *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001)). For a claimed error to qualify as plain error, "(1) it must be 'an error of law'; (2) it must be 'obvious'; and (3) 'it [must] appear[ ] on the face of the record.'" *Gornick*, 340 Or at 167.[6] If all those requirements are satisfied, then the appellate court must "decide

public trial, by an impartial jury[.]" The Sixth Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 US 145, 149, 88 S Ct 1444, 20 L Ed 2d 491 (1968).

[6] For a full exposition on plain error *see State v. Gornick*, 340 Or 160, 166-67, 130 P3d 780 (2006) (explaining concept).

whether to 'exercise its discretion to consider or not to consider the error.' " *Id.* at 166 (quoting *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991)). Finally,

> "[t]his court employs two different standards of review to ascertain whether the Court of Appeals properly concluded that a trial court committed plain error. First, this court considers whether the Court of Appeals committed an error of law in determining that the three elements under the first step of the plain error analysis had been satisfied. Next, this court inquires whether the Court of Appeals abused its discretion in deciding to consider the error under the second step in the plain error analysis."

*Id.* at 167 (internal citations omitted).

■        We now turn to the question of whether the Court of Appeals committed an error of law in applying the first step of the plain error framework in this case. Here, defendant claims that the trial court committed legal error by finding the facts that it relied upon in imposing his departure sentences, rather than submitting the issue to a jury. However, a trial court does not err in finding aggravating facts if the defendant chooses not to exercise his rights under *Apprendi*. *See Blakely*, 542 US at 310 (so stating). "[T]he mere fact that a judge, rather than a jury, decides the facts relevant to sentencing does not demonstrate that any error occurred. Both courses of proceeding are constitutionally permissible." *Gornick*, 340 Or at 168. A criminal defendant who sits by silently while the trial court finds aggravating facts and imposes a departure sentence based upon those facts may have "chosen to have the trial court, rather than a jury, find the aggravating facts." *Id.* at 169.

In *Gornick*, the defendant pleaded guilty to an assault charge by filling out a plea form, which stated that he was giving up his jury trial rights and that the trial court could impose a sentence that it thought proper, up to a certain maximum. *Id.* At sentencing, the defendant made no objection when the trial court found certain aggravating facts and imposed a departure sentence based upon those facts. *Id.* at 169. This court stated that, under those circumstances, the "defendant could have chosen to have the trial court, rather

than a jury, find the aggravating facts." *Id.* at 169. That inference—that the defendant had chosen to have the findings made by a judge rather than a jury—was merely one of several competing inferences that could be drawn from the trial court's finding of the aggravating facts. *Id.* at 169-70. Another possible inference was that the trial court erred by finding the aggravating facts in violation of the Sixth Amendment. *Id.* at 169. Because the record did not clearly show that the trial court had erred, this court concluded that the claimed error could not qualify as plain error and held that the Court of Appeals had erred by considering the defendant's unpreserved claim. *Id.* at 170.

As in *Gornick*, defendant here waived his right to a jury trial on two of the charges against him. He signed a jury waiver form stating that he "understands that he/she has a right to a public trial by an impartial jury, and notwithstanding this right elects to waive trial by jury and consents to be tried by a Judge[.]" He signed another form entitled "PETITION TO WAIVE JURY TRIAL AND TRY THE CASE TO THE COURT UPON STIPULATED FACTS." (Uppercase in original.) That form provided, in part:

"3.   I wish to waive jury trial to the charge(s) of delivery of a controlled substance * * * for consideration[.]

"* * * * *

"5.   I understand that I may plead 'Not Guilty' to any offense charged against me. If I choose to plead 'Not Guilty' the Constitution guarantees me * * * the right to a speedy and public trial by jury[.]

"* * * * *

"7.   I know that if I waive jury trial and stipulate to the facts to the charge(s) [*sic*] * * *, the maximum possible sentence is 10 years imprisonment[.] I FULLY UNDERSTAND THAT THE ACTUAL SENTENCE IS UP TO THE COURT[.]"

(Uppercase in original.)

At sentencing, the trial court found several aggravating facts and imposed a departure sentence of 40 months of imprisonment on count two and a concurrent departure

sentence of six months of imprisonment on count three.[7] Defendant made no objection to the trial court's factfinding or its imposition of departure sentences based upon those facts. Those circumstances are very similar to the circumstances that were present in *Gornick*; as in *Gornick*, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts. Furthermore, that inference is merely one of several competing inferences that can be drawn from the trial court's finding of the aggravating facts. Therefore, the record did not clearly show that the trial court erred, and we conclude that the claimed error did not qualify as plain error under ORAP 5.45(1). It follows that the Court of Appeals erred by considering defendant's unpreserved claim.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

---

[7] Our emphasis on the documentary trail left by defendant should not necessarily be viewed as *requiring* such a trail to defeat an assertion of error "apparent on the face of the record."