Submitted on record and briefs February 22, affirmed May 3, 2006

# STATE OF OREGON,
## *Respondent,*
### *v.*
# SCOTT HENRY BEGGIO,
## *Appellant.*
## 20-03-17655; A124371
### 134 P3d 1109

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

* Schuman, J., *vice* Ceniceros, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted, after a jury trial, of one count of felon in possession of firearm, ORS 166.270, and one count of unlawful possession of a firearm, ORS 166.250; in addition, defendant pleaded guilty to one count of driving while suspended, ORS 811.182. The trial court imposed a durational departure sentence on the felon-in-possession conviction, based on its finding of defendant's "persistent criminality." On appeal, defendant makes an unpreserved challenge to that sentence, arguing that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court committed plain error in imposing a departure sentence based on facts that defendant did not admit and that were not found by a jury.

Under *State v. Perez*, 340 Or 310, 316-17, 131 P3d 168 (2006), a trial court does not commit plain error in imposing a departure sentence based on its own finding of aggravating factors as long as there are facts and circumstances in the record that allow the appellate court to infer the possibility that defendant "chose[ ] to have the trial court, rather than the jury, find the aggravating facts." In *Perez*, the defendant waived his jury trial right with respect to some counts, and other counts were then tried to a jury; he did not object when, at sentencing, the trial court found aggravating factors and imposed a departure sentence. The Supreme Court concluded that, under those circumstances, it was possible to infer that the defendant had "chosen" the trial court to act as the factfinder at sentencing. *Id.* The circumstances here are, in relevant respects, the same: defendant waived his jury-trial right with respect to the driving while suspended charge when he pleaded guilty to it, and he did not object when the trial court found aggravating factors and imposed a departure sentence. Under *Perez*, the trial court did not commit plain error in imposing the departure sentence.

Affirmed.