Submitted on record and briefs June 27, sentences vacated; remanded for
resentencing; otherwise affirmed July 26, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT DEAN SKILES,
*Appellant.*

030331430; A122846

139 P3d 1006

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC, filed
the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Janet A. Klapstein, Assistant Attorney
General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Rasmussen, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a jury trial, defendant was convicted of felon in possession of a firearm and unlawful possession of a short-barreled shotgun. At trial, the court admitted, over defendant's objection, a 9-1-1 tape recording of statements that his mother had made reporting that defendant had threatened to shoot himself. At sentencing, the trial court imposed an upward departure sentence based on its own finding of, among other things, defendant had been involved in "criminal activity" of an "escalating nature."

■ On appeal, defendant first assigns error to the admission of the 9-1-1 tape recording. He contends that admitting the recording violated his constitutional right of confrontation, as set out in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). That assignment, however, is squarely controlled by the United States Supreme Court's recent decision in *Davis v. Washington*, ____ US ____ , 126 S Ct 2266, 165 L Ed 2d 224 (2006), in which the Court held that the admission of portions of a 9-1-1 recording did not violate the federal constitutional right to confront witnesses. The recording in this case is not materially different from the portions held admissible in *Davis*.

■ Defendant also assigns error to the trial court's imposition of a departure sentence based on its own findings of fact, in violation of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Defendant acknowledges that he did not preserve that assignment, but he argues that we nevertheless should review it as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.