Submitted on record and briefs July 31, sentences vacated; remanded for resentencing; otherwise affirmed August 30, respondent's petition for reconsideration filed September 13 allowed by opinion November 1, 2006
See 209 Or App 165, 146 P3d 352 (2006)

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL JOSEPH BAILEY,
*Appellant.*

03C-42661; A122767

142 P3d 512

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Anne F. Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Benjamin R. Hartman, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial on two counts of delivery of a controlled substance to a minor, *former* ORS 475.995.[1] On appeal, defendant challenges one of the convictions as well as his sentences. We reject without discussion defendant's challenge to his conviction. The sentencing court imposed an upward durational departure sentence on the delivery of a controlled substance convictions based on findings that defendant was on post-prison supervision at the time of the offense and that prior incarcerations and supervision had not deterred his criminal conduct. Defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing that sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge to the trial court, he argues that the sentences should be reviewed as plain error. We agree. *See State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006). For the reason set forth in *Ramirez*, we exercise our discretion to correct the error. Because that error requires resentencing, we do not reach defendant's remaining arguments concerning his sentences.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] ORS 475.995 was renumbered ORS 475.906 in 2005.