On respondent's petition for reconsideration filed May 10, reconsideration allowed; original opinion (205 Or App 113, 133 P3d 343) adhered to July 19, petition for review allowed January 10, 2007 (342 Or 256)

STATE OF OREGON,
*Respondent,*

*v.*

ANASTACIO RAMIREZ,
*Appellant.*

C030767CR; A123657

139 P3d 981

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, for petition.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

The state petitions for reconsideration of our opinion, *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), in which we concluded that the trial court committed plain error when it imposed a departure sentence based on its own findings of fact. The state argues that our opinion is at odds with the Supreme Court's decision in *State v. Perez*, 340 Or 310, 131 P3d 168 (2006). We have carefully reviewed the state's arguments but, for the reasons that follow, we find them unpersuasive. We therefore adhere to our original opinion.

We begin with a brief recapitulation of our original opinion and its rationale. Defendant was convicted by a jury of three criminal offenses. The trial court imposed an upward durational departure sentence on one of the convictions, based on its own findings that the victim was particularly vulnerable and that defendant had been persistently involved in similar offenses. *Ramirez*, 205 Or App at 115. On appeal, defendant challenged the sentence on a number of different grounds, including that the imposition of the departure sentence based on the trial court's own findings of fact violated defendant's right to a jury trial as the United States Supreme Court articulated it in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The state argued that the challenge was not preserved, because defendant had failed to object to the imposition of the departure sentence on that ground. Defendant replied that the challenge is reviewable as plain error. *Ramirez*, 205 Or App at 115.

We concluded that defendant's challenge is reviewable as plain error, and we exercised our discretion to review it. We based our decision on our examination of the Oregon Supreme Court's decisions in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *Perez*. We concluded that, taken together and read in conjunction with established state and federal case law governing the waiver of the right to a jury trial, *Gornick* and *Perez* appear to stand for the propositions that (1) whether a trial court committed plain error will

depend on the facts of each case; (2) plain error does not exist when at least two competing inferences may be drawn from a defendant's failure to object to a decision challenged on appeal, namely, that the defendant intended to waive the right at issue and that he did not intend to waive that right; and (3) a defendant's mere silence at sentencing—at least in a case implicating the constitutional right to a jury trial—does not fairly support those two competing inferences. *Ramirez*, 205 Or App at 123. We noted that, both in *Gornick* and in *Perez*, the Supreme Court determined that the requisite two competing inferences did exist based on the fact that the defendants had stood silent during sentencing *after explicitly waiving their rights to a jury trial on at least one of the charges against them. Ramirez*, 205 Or App at 117-18.

The state now argues that our reading of the Supreme Court's case law—in particular, *Perez*—is flawed. According to the state, the court in *Perez* concluded that the imposition of departure sentences based on trial court findings of fact did not amount to plain error "irrespective of whether the defendant pleaded guilty, was tried to the court, or was tried by a jury." The state bases that assertion on the fact that, in *Perez*, the court concluded that the defendant's failure to object to the imposition of the departure sentences on *Blakely* grounds gave rise to the requisite two competing inferences even though the defendant had not explicitly waived his right to a jury trial as to one of the several charges against him. Thus, in the state's view, *Perez* "involved a jury trial," and that fact undercuts our holding in this case. The state suggests, diplomatically, that "it is possible that this court did not realize" that *Perez* actually was a jury trial case. The state concludes, somewhat less diplomatically, that "[t]he appellate judgment has issued in *Perez* and—despite this court's disagreement with its reasoning—its holding [as the state reads it, of course] is binding on this court."

Let us make one thing clear at the outset. We understand and deeply respect the role of the Oregon Supreme Court as the final arbiter of issues pertaining to the law of this state. Our original decision in this case has nothing to do with whether we agree or disagree with the court about its decisions in *Gornick* and *Perez*. Our decision reflects the best attempt of the members of this court to understand the fair

import of those decisions and to apply them in light of what we understand to be other applicable law. If we have erred, it is not for want of earnest effort or for lack of regard for the authority of the court.

As for the merits of the state's contentions on reconsideration, let us begin with the observation that we did not neglect to realize that the defendant in *Perez* had not waived his right to a jury trial as to one of the charges against him. We expressly mentioned in our original opinion in this case that the defendant in *Perez* had waived his right to a jury trial as to only two of the charges against him. *Ramirez*, 205 Or App at 118. We have taken care to note that fact in subsequent decisions, as well. In *State v. Thomas*, 205 Or App 399, 406, 134 P3d 1038 (2006), for example, we noted in reference to *Gornick*, *Perez*, and other cases that "[i]n each of those cases, there existed in the record a waiver of a jury trial as to at least one pending charge." *See also State v. Beggio*, 205 Or App 481, 483, 134 P3d 1109 (2006).

There remains the question whether the state is correct that the fact that the defendant in *Perez* received a jury trial on one of the charges fatally undercuts our reading of that decision. In brief, we are not persuaded that the state is correct.

The state argues that our reading of *Perez* is foreclosed by the fact that the Supreme Court concluded in that case that the defendant's failure to object to the departure sentences fairly gave rise to competing inferences that precluded plain error review, now quoting from the state's memorandum, "irrespective of whether the defendant pleaded guilty." In support of that reading of the case, the state notes that (1) the defendant had received a jury trial on one of the charges and (2) the court nevertheless concluded that the imposition of a departure sentence as to that charge was not plain error.

There are at least two problems with the state's argument.

First, it is not entirely clear from the court's opinion that it actually addressed the validity of the sentence imposed on the count for which the defendant had received a

jury trial. According to the state, we can infer that from the fact that, several times in *Perez*, the court referred to departure "sentences," in the plural. That is true. In fact, the court specifically mentioned the fact that the defendant had made no objection to the trial court's departure sentence on the count for which he had received a jury trial. It is also true, however, that the defendant purported not to challenge the validity of the sentence as to the count for which he had received a jury trial. In his briefs before the Supreme Court, he plainly stated that he was challenging only the sentence imposed on the offense for which he had *not* received a jury trial. The court's decision thus is somewhat ambiguous on that point.

Second, and in any event, nowhere in *Perez* did the Supreme Court actually state the proposition for which the state contends—that is, that a failure to object to the imposition of a departure sentence on *Blakely* grounds is, by itself, sufficient to preclude plain error review, "irrespective of whether defendant pleaded guilty" and waived a jury trial. To the contrary, as we observed in our original opinion in this case, the only explanation that the court offered in support of its decision in *Perez* is the fact that, to quote from *Perez* itself,

> "defendant here waived his right to a jury trial on two of the charges against him. He signed a jury waiver form stating that he 'understands that he/she has a right to a public trial by an impartial jury, and notwithstanding this right elects to waive trial by jury and consents to be tried by a Judge[.]' He signed another form entitled 'PETITION TO WAIVE JURY TRIAL AND TRY THE CASE TO THE COURT UPON STIPULATED FACTS.' (Uppercase in original.) That form provided in part:
>
> > " '3. I wish to waive jury trial to the charge(s) of delivery of a controlled substance * * * for consideration[.]
> >
> > " '* * * * *
> >
> > " '5. I understand that I may plead "Not Guilty" to any offense charged against me. If I choose to plead "Not Guilty" the Constitution guarantees me * * * the right to a speedy and public trial by jury[.]
> >
> > " '* * * * *

" '7.    I know that if I waive jury trial and stipulate to the facts to the charge(s) [*sic*] * * *, the maximum possible sentence is 10 years imprisonment[.] I FULLY UNDERSTAND THAT THE ACTUAL SENTENCE IS UP TO THE COURT[.]'

"(Uppercase in original.)"

340 Or at 317 (brackets in original).

Thus, as we noted in our original opinion, the court itself relied on the fact of the defendant's waiver of a jury trial on at least one of the charges against him as an important consideration in determining whether his failure to object precluded plain error review. If the court did not intend that fact to weigh in the consideration of the issue—as the state now contends—the state does not explain, and we do not understand, why the court took the trouble to say all that it did about that very fact. The state, indeed, does not even mention that portion of the court's opinion in its petition for reconsideration.

Of course, it could be questioned whether it makes sense to suggest that a waiver as to one charge affects the extent to which a defendant intended to waive as to a different charge. It is a reasonable question, to be sure. But, as we noted in our original opinion, to hold otherwise would require us to ignore the court's explanation for its decisions in *Gornick* and *Perez*. Moreover—and again as we explained in our original opinion, and later in *Thomas*—to hold otherwise would run afoul of the well-established rule that the constitutional right to a jury trial cannot be waived by silence alone. We understand that it is the state's position that constitutional rights *can* be waived by silence alone. We acknowledge that that may be so with respect to *some* constitutional rights, in *some* circumstances. As we pointed out in *Ramirez* and *Thomas*, however, that is not the case with respect to the right to a jury trial.

Reconsideration allowed; original opinion adhered to.