Submitted on record and briefs July 31, sentences vacated; remanded for resentencing; otherwise affirmed September 5, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ALONSO RODELO-GONZALEZ,
*Defendant-Appellant.*

Josephine County Circuit Court
03CR0847; A124487

167 P3d 484

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle M. Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Benjamin R. Hartman, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted of one count of possession of a controlled substance and one count of delivery of a controlled substance. On appeal, he assigns error to the trial court's denial of his motion to suppress evidence and to the court's imposition of upward departure sentences. We reject defendant's arguments concerning the suppression of evidence without discussion. We agree, however, that the upward departure sentences were erroneously imposed.

At sentencing, the court imposed concurrent upward departure sentences of 30 months and 18 months, based on judicial findings concerning the "degree of organization and the sheer quantity." Defendant asserts that an enhanced sentence based on such judicial factfinding violates the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We agree. Defendant is entitled to resentencing because the court imposed an upward departure sentence based on facts not found by the jury or admitted by defendant.

Although defendant's challenge to his sentence is unpreserved, in *State v. Ramirez,* 205 Or App 113, 133 P3d 343, *adh'd to on recons,* 207 Or App 1, 139 P3d 981 (2006), *rev allowed,* 342 Or 256 (2007), we held that the imposition of a departure sentence under similar circumstances constituted plain error. For the reasons set forth in *Ramirez,* we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.