Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 21, petition for review denied June 4, 2009 (346 Or 258)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOROTHY GRACE VEGA,
aka Dorothy Grace Jones,
aka Dorothy Jones,
aka Dorothey Grace Carver,
aka Kristy Jordawn Salazar,
*Defendant-Appellant.*

Lane County Circuit Court
200123635; A119247

201 P3d 254

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assitant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Vega*, 206 Or App 668, 139 P3d 260, *rev den*, 341 Or 367 (2006) (*Vega I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Vega*, 345 Or 316, 195 P3d 64 (2008). In *Vega I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on its own judicial findings of fact. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that, in light of *Ramirez*, we erred in exercising our discretion in *Vega I*. Accordingly, we affirm.[1]

Defendant was convicted of one count of first-degree assault (Count 1); two counts of second-degree assault (Counts 2 and 3); criminal mistreatment (Count 4); and menacing (Count 6), all arising out of her long-term conduct toward her elderly, mentally ill husband. On Count 1, the trial court imposed a sentence of 240 months' imprisonment. On Count 2, the court imposed 120 months' imprisonment, to be served consecutively to the sentence on Count 1. On Count 3, the court imposed 120 months' imprisonment, to be served consecutively to the sentences on Counts 1 and 2. On Count 4, the court imposed 36 months' imprisonment, to be served consecutively to the sentence on Count 3. Finally, on Count 6, the court imposed 12 months' imprisonment, to be served consecutively to the sentence on Count 4. In its written judgment, the court summarized the grounds for departure on all counts:

> "[D]eliberate wanton cruelty to the victim; the defendant knew or had reason to know of the victim's particular vulnerability, he is a heavily medicated schizophrenic, some 40 years her senior, which increased the harm or threat of

---

[1] We reject defendant's alternative assignment of error without discussion.

harm caused by the criminal conduct; the offense involved multiple incidents over a lengthy period of time; the offense resulted in permanent injuries to the victim (78 3rd degree burns, leaving scars); the degree of harm caused by this defendant was significantly greater than typical for the offenses. The Court further finds that each departure factor separately supports this dispositional and durational departure. The Court finds pursuant to [ORS] 137.123(2) that [Counts 1, 2, 3, and 4] did not arise from the same continuous and uninterrupted course of conduct as further counts and thus consecutive sentences are appropriate."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under similar circumstances to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the same departure factors that the trial court found. *Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

Because it is dispositive, we address only the departure factor of permanent injury to the victim.[2] At trial, the court admitted photographs of the victim's chest and rib area

---

[2] The trial court indicated that any one of the sentencing factors would have supported the departure sentences.

that revealed approximately 40 third-degree burns with numerous associated scars. Those injuries were undisputed. Based on that evidence, we readily conclude that there is no legitimate debate that a jury would have found that defendant inflicted permanent injuries on the victim. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.