Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 11, petition for review denied April 8, 2009 (346 Or 158)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**WILLIAM CLARENCE NORTON,**
*Defendant-Appellant.*

Coos County Circuit Court
02CR0470; A119324

202 P3d 916

James N. Varner for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Joanna L. Jenkins, Assistant Attorney General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Norton*, 197 Or App 406, 105 P3d 915 (2005) (*Norton I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Norton*, 345 Or 316, 195 P3d 63 (2008). In *Norton I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Norton I* was erroneous. Accordingly, we affirm.

Defendant was convicted of unlawful possession of heroin, unlawful possession of methamphetamine, and unlawful delivery of methamphetamine involving substantial quantities constituting a commercial drug offense. The trial court imposed a durational departure sentence of 70 months' imprisonment on the delivery charge. The court gave the following reason for its decision to depart:

> "The court will find substantial and compelling reasons, this persistent involvement in the same type of crime—drug offenses—on the matter and will sentence you on that to 70 months as a departure on the matter—on the Delivery."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court

reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

■       The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

■       In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* (brackets in original). There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing not only must establish that the defendant had two or more prior convictions but must also support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, we readily conclude that the jury would have drawn that inference. Defendant was convicted in this case of unlawful possession of heroin, unlawful possession of methamphetamine involving substantial quantities, and unlawful delivery of methamphetamine constituting a commercial drug offense. Defendant had two prior convictions for possession of controlled substances and two prior convictions for manufacture or delivery of controlled substances, all of which had taken place within eight years of his current conviction. That evidence was uncontroverted and, in our opinion, overwhelming enough that we are satisfied that a jury would have found that defendant was persistently involved in similar offenses. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.