Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRET JAMES SLANAKER,
*Defendant-Appellant.*

Washington County Circuit Court
C021083CR; A120123

202 P3d 918

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Slanaker*, 202 Or App 323, 120 P3d 1284 (2005) (*Slanaker I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Slanaker*, 345 Or 316, 195 P3d 63 (2008). In *Slanaker I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on a judicial finding that the victim was particularly vulnerable. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Slanaker I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of first-degree assault and unlawful use of a weapon arising out of an altercation that he had with a heavily intoxicated victim. The trial court imposed a durational departure sentence of 110 months' imprisonment on the assault conviction, 90 months of which were imposed pursuant to ORS 137.700 (Measure 11). The court gave the following reason for its departure:

> "I'm concerned about this case partly because of the vulnerable victim, and that's the aggravating factor to me. I know this doesn't mean a lot to you because again, you were so intoxicated you probably don't remember what was going through your mind. But that boy, even though he's big, was clearly not able to defend himself * * *."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses,

constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case, and we do so for two reasons. In this case, the state concedes that there is a legitimate debate about whether the jury would have found the victim to be particularly vulnerable. *See Ramirez*, 343 Or at 513-14 (where there is no legitimate debate about existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). Our review of the record confirms the accuracy of that concession, and we accept it. Second, the gravity of the error in this case is not trivial. *See Ailes*, 312 Or at 382 n 6. The court's departure sentences increased defendant's term of incarceration by 20 months. Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.