Argued and submitted July 31, sentences vacated; remanded for resentencing; otherwise affirmed August 30, 2006

STATE OF OREGON,
*Respondent,*

*v.*

VICENTE BAUTISTA-MARTINEZ,
*Appellant.*

03C-40257; A121062

142 P3d 511

Rebecca Duncan, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Elizabeth A. Gordon, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial on one count of delivery of a controlled substance, *former* ORS 475.992(1)(b),[1] and one count of possession of a controlled substance, *former* ORS 475.992(4)(b).[2] On appeal, defendant raises numerous challenges to his convictions and sentences. We reject without discussion defendant's challenges to his convictions. The sentencing court imposed an upward durational departure sentence on the delivery of a controlled substance conviction based on a finding that prior sanctions and probation had not deterred defendant's criminal behavior. Defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing that sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be reviewed as plain error. We agree. *See State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006). For the reason set forth in *Ramirez*, we exercise our discretion to correct the error. Because that error requires resentencing, we do not reach defendant's remaining arguments concerning his sentences.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] ORS 475.992(1)(b) was renumbered ORS 475.840(1)(b) in 2005.

[2] ORS 475.992(4)(b) was renumbered ORS 475.840(3)(b) in 2005.