Argued and submitted February 6, at University of Oregon, Eugene;
sentences vacated; remanded for resentencing; otherwise affirmed June 14,
petition for review denied October 3, 2006 (341 Or 450)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD LEE HOWELL,
*Appellant.*

### C002670CR; A115558

136 P3d 1138

Andrew S. Chilton argued the cause for appellant. With him on the brief was Chilton, Ebbett & Rohr, LLC.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Mitchell, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a trial to a jury, defendant was convicted of two counts of first-degree arson, ORS 164.325, and one count of first-degree criminal mischief, ORS 164.365. The trial court imposed an upward durational departure sentence on one of the arson convictions, based on its findings that the crime involved a "threat of actual violence" and that defendant had a history of "persistent involvement in similar offenses." The court also imposed a dispositional departure on the criminal mischief conviction.

On appeal, defendant first challenges his conviction, arguing that the trial court erred by denying a motion to suppress certain statements that he made to a police officer. We reject that challenge without discussion. Defendant also challenges his durational departure sentence on the arson conviction, arguing that the trial court's imposition of that sentence violated the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the departure was based on facts that were not admitted by defendant or found by a jury. Defendant concedes that he did not advance that challenge below, but he argues that the sentence should be reviewed as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), the sentence is plainly erroneous. For the reasons set forth in *Ramirez*, 205 Or App at 125, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.