Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 7, petition for review denied April 8, 2009 (346 Or 157)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD LEE HOWELL,
*Defendant-Appellant.*

Washington County Circuit Court
C002670CR; A115558

200 P3d 610

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Howell*, 206 Or App 515, 136 P3d 1138, *rev den*, 341 Or 450 (2006) (*Howell I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Howell*, 345 Or 315, 195 P3d 63 (2008). In *Howell I*, we remanded for resentencing because the court had imposed an upward departure sentence based on judicial factfinding that the crime involved a "threat of actual violence" and that defendant had a history of "persistent involvement in similar offenses." 206 Or App at 516. That factfinding constituted an error of law apparent on the face of the record, ORAP 5.45(1), under the rule of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and we exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct it. The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes*. As explained below, we now conclude that it would not be proper to exercise discretion to correct that sentencing error. Accordingly, we affirm.

■ In this case, the sentencing court specifically found that either of the two bases for departure would be independently sufficient to support the sentence imposed. Accordingly, to remand for resentencing, we must conclude that it would be a proper exercise of discretion to correct the error with regard to both of the two sentencing factors on which the court relied. We do not discuss the "persistent involvement" factor, because we conclude that, on this record, there is no legitimate debate that a jury would have found beyond a reasonable doubt that the crime in question, an arson, involved a threat of actual violence.

An extended discussion of the facts of the case would not benefit the bench, the bar, or the public. It suffices to say that the state presented evidence that defendant, who was angry at his former girlfriend, threatened to set fire to her trailer, and subsequently did set fire to a trailer she owned. He later confessed to a police officer, stating that he had

burned the trailer because he was angry with his former girlfriend, and further stating that he "could become a lot more violent toward" her if she did not return certain property that he claimed belonged to him.

In determining whether to exercise our discretion to correct a sentencing error, we are guided by a variety of considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. Under some circumstances, the "competing interests of the parties" factor is conclusive: As the court noted in *Ramirez*, 343 Or at 513, the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." That is, where there is "no legitimate debate" that a jury would find the facts necessary to support an enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

That factor is conclusive here. We decline to exercise our discretion in light of our conclusion that no legitimate debate exists that a jury would find the crime at issue involved threats of actual violence.

Affirmed.