Submitted on record and briefs July 31, sentences vacated; remanded for resentencing; otherwise affirmed September 5, 2007

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**MARTIN KYLE McDANIEL,**
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0500230; A128159

167 P3d 487

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of attempting to elude a police officer, ORS 811.540, one count of giving false information to a police officer, ORS 807.620, and one count of reckless endangerment, ORS 163.195. On appeal, he argues that the trial court erred in imposing an upward departure sentence on one of the counts of attempting to elude and that the court erred in imposing consecutive sentences. As explained below, we agree that the upward departure sentences were erroneously imposed.

At sentencing, the court imposed an upward departure sentence of six months on one of the attempting to elude convictions, based on a judicial finding that defendant was not amenable to probation. Defendant asserts that an enhanced sentence based on such judicial factfinding violates the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We agree. Defendant is entitled to resentencing because the court imposed an upward departure sentence based on facts not found by the jury or admitted by defendant.

Although defendant's challenge to his sentence is unpreserved, in *State v. Ramirez,* 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), we held that the imposition of the departure sentence under similar circumstances constituted plain error. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.