Submitted on remand from the Oregon Supreme Court October 29, 2008,
remanded for resentencing; otherwise affirmed January 7, respondent's petition
for reconsideration filed February 17 allowed by opinion April 15, 2009
See 227 Or App 501, 206 P3d276 (2009)

### STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

### MARTIN KYLE McDANIEL,
*Defendant-Appellant.*

### Clackamas County Circuit Court
### CR0500230; A128159

200 P3d 177

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

■     This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. McDaniel*, 214 Or App 694, 167 P3d 487 (2007) (*McDaniel I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. McDaniel*, 345 Or 316, 195 P3d 63 (2008). In *McDaniel I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on a judicial finding that defendant was "not amenable to probation." That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that, under *Ramirez*, our exercise of discretion in *McDaniel I* was erroneous; however, because the trial court also erred in imposing consecutive sentences on two of defendant's convictions, we again remand for resentencing.

    Defendant was convicted of both misdemeanor and felony attempting to elude a police officer (Counts 2 and 3); giving false information to a police officer (Count 4); and recklessly endangering another person (Count 5). The court imposed a departure sentence of six months' imprisonment on Count 2, after finding that defendant was "not amenable to probation" given his extensive criminal history. On Count 3, defendant was sentenced to 180 days in jail, concurrent to the sentence in Count 2 but consecutive to the sentences in Counts 4 and 5. The court imposed another 180-day sentence on Count 4, set to run consecutively with the sentences on "all other counts"; the court did not state its reasons for imposing those consecutive sentences. On Count 5, the reckless endangering count, the court imposed a 365-day sentence and set that to run consecutively to the sentences on all the other counts, because defendant's act had created "a substantial risk of serious physical injury."

■     Because it is dispositive, we address only the trial court's imposition of consecutive sentences on Counts 3 and

4. The trial court offered no explanation—either in the judgment or on the record—for its imposition of consecutive sentences on Counts 3 and 4.

In *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), *cert granted*, ___ US ___ , 128 S Ct 1657 (2008), the Oregon Supreme Court held that, to comply with the Sixth Amendment to the United States Constitution as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), a trial court cannot impose consecutive sentences under ORS 137.123 unless the requisite factual issues are submitted to a jury and proved beyond a reasonable doubt.

As noted, on Counts 3 and 4, the court imposed consecutive sentences but gave no explanation for its decision. We will not speculate as to which factor, if any, the trial court relied on under ORS 137.123. *See State v. Banks*, 218 Or App 593, 599-600, 180 P3d 726 (2008) (declining to infer that conviction for multiple crimes was sufficient to warrant imposition of consecutive sentences under ORS 137.123(2), (5)(a), or (5)(b) where the trial court had not explained its grounds for departure). Accordingly, we cannot say that the jury necessarily found that defendant's conduct met one or more of the statutory factors sufficient to justify the imposition of consecutive sentences on those counts.

Remanded for resentencing; otherwise affirmed.