On respondent's petition for reconsideration filed February 17, reconsideration allowed; former opinion (225 Or App 72, 200 P3d 177) withdrawn; affirmed April 15, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARTIN KYLE McDANIEL,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0500230; A128159

206 P3d 276

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

The state seeks reconsideration of our decision in *State v. McDaniel*, 225 Or App 72, 200 P3d 177 (2009) (*McDaniel II*), arguing that our analysis and disposition are incorrect in light of the United States Supreme Court's subsequent decision in *Oregon v. Ice*, 555 US ___ , 129 S Ct 711, 172 L Ed 2d 517 (2009). As explained below, we agree. We also reject defendant's remaining argument challenging his sentence and accordingly affirm defendant's convictions and sentence.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. McDaniel*, 214 Or App 109, 167 P3d 487 (2007) (*McDaniel I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. McDaniel*, 345 Or 316, 195 P3d 63 (2008). In our previous decision on remand, we affirmed our original decision to remand for resentencing based on our conclusion that under *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), the court's imposition of consecutive sentences on defendant's convictions ran afoul of defendant's Sixth Amendment rights. *McDaniel II*, 225 Or App at 75. *Ice* has since been reversed by the United States Supreme Court. Given the intervening reversal of *Ice*, we must now address the question that we did not reach in *McDaniel II*, that is, whether we should exercise our discretion to correct an unpreserved error made by the trial court when it imposed an upward departure sentence of six months' imprisonment after it found defendant to be "not amenable to probation." We affirm.

Defendant was convicted of both misdemeanor and felony attempting to elude a police officer (Counts 2 and 3), giving false information to a police officer (Count 4), and recklessly endangering another person (Count 5). The court imposed a departure sentence of six months' imprisonment on Count 2 after finding that defendant was not amenable to probation in light of his extensive criminal history.

In this case, defendant testified in his own defense and admitted to having more than a dozen prior convictions

since 1993, including convictions for giving false information to a police officer and attempting to elude; defendant also admitted to having attempt to elude charges pending against him in another county. Defendant also testified that, in addition to his two prior attempt to elude convictions, he also had succeeded in eluding police at least five times. In light of defendant's testimony, we conclude that there is no legitimate debate that the jury would have found the departure factor that the trial court identified. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we affirm.

Reconsideration allowed; former opinion withdrawn; affirmed.