Argued and submitted September 18, sentence vacated; remanded for
resentencing; otherwise affirmed October 17, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM ROSS HILL,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0000113; A115930

170 P3d 1082

Steven H. Gorham argued the cause for appellant. On the brief was Dennis Sarriugarte.

William Hill filed the supplemental brief *pro se.*

Paul Crisalli, Certified Law Student, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction and sentence for sexual abuse in the first degree, ORS 163.427, raising several assignments of error. We write only to address defendant's contention that the trial court erred in imposing an upward departure sentence and reject defendant's other contentions without discussion. As explained below, we affirm defendant's conviction but remand for resentencing.

First-degree sexual abuse is subject to a mandatory minimum sentence of 75 months' imprisonment. ORS 137.700. In this case, the trial court imposed an upward departure sentence of 80 months after finding that defendant had persistently been involved in similar crimes, that the victim was particularly vulnerable, and that the offense resulted in permanent injury to the victim. Defendant asserts that an enhanced sentence based on such judicial factfinding violates the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We agree. Defendant is entitled to resentencing because the court imposed an upward departure sentence based on facts not found by the jury or admitted by defendant.

Although defendant's challenge to his sentence is unpreserved, in *State v. Ramirez,* 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), we held that the imposition of a departure sentence under similar circumstances constituted plain error. For the reasons set forth in *Ramirez,* we exercise our discretion to correct the error.

Sentence vacated; remanded for resentencing; otherwise affirmed.