Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 21, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM ROSS HILL,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0000113; A115930

201 P3d 257

Peter Gartlan, Chief Defender, and Kenneth A. Kreuscher, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Hill*, 215 Or App 498, 170 P3d 1082 (2007) (*Hill I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Hill*, 345 Or 315, 195 P3d 63 (2008). In *Hill I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for first-degree sexual abuse, ORS 163.427, based on judicial factfinding that "defendant had persistently been involved in similar crimes, that the victim was particularly vulnerable, and that the offense resulted in permanent injury to the victim." 215 Or App at 499. That factfinding constituted an error of law apparent on the face of the record, ORAP 5.45(1), and we exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct it. The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes*. As explained below, we now conclude that it would not be proper to exercise discretion to correct that sentencing error. Accordingly, we affirm.

Defendant, who was sentenced in 2001, received an upward departure sentence of 80 months for his crime, which was five months more than the mandatory minimum sentence prescribed by ORS 137.700. He also received post-prison supervision pursuant to ORS 144.103(1), which provides, in part, that when a person has been sentenced to a term of imprisonment for violating ORS 163.427, the person "shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." In the present case, a remand for resentencing could afford defendant no meaningful relief; he has completed serving the prison portion of his sentence, and a remand for resentencing would not affect the length of his post-prison supervision in light of the provision of ORS 144.103 quoted above. Accordingly, we conclude that we should not exercise our discretion to correct the error.

Affirmed.