Submitted on record and briefs November 3, 2005, sentences vacated; remanded for resentencing; otherwise affirmed May 3, petition for review denied July 18, 2006 (341 Or 198)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID ALLEN SMITH,
*Appellant.*

01FE0616AB; A119246

134 P3d 1109

Erin Galli Rohr and Chilton, Ebbett & Rohr filed the opening brief for appellant. Erin Galli Rohr filed the supplemental brief for appellant. David A. Smith filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of two counts of first-degree sexual abuse, ORS 163.427, and one count of coercion, ORS 163.275. On appeal, defendant assigns error to the trial court's exclusion of two witnesses' testimony. We reject those assignments of error without discussion. In addition, defendant asserts two unpreserved assignments of error related to his sentences. We remand for resentencing but otherwise affirm his convictions.

In his first unpreserved assignment, defendant argues that the trial court erred under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), in imposing consecutive sentences. He asks us to review his claim as plain error. We previously held that the imposition of consecutive sentences does not constitute error apparent on the face of the record. *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). Therefore, we will not consider this assignment of error.

In the second unpreserved assignment, defendant challenges the imposition of a departure sentence. Because defendant's case was tried to a jury, it is controlled by *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), and not *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006). Accordingly, we vacate defendant's sentences and remand for resentencing.[1]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] We note that, under ORS 138.222(5)(a), the entire case is remanded for resentencing.