Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 21, petition for review denied April 22, 2009 (346 Or 184)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID ALLEN SMITH,
*Defendant-Appellant.*

Deschutes County Circuit Court
01FE0616AB; A119246

201 P3d 256

Erin K. Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Smith*, 205 Or App 557, 134 P3d 1109, *rev den*, 341 Or 198 (2006) (*Smith I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Smith*, 345 Or 316, 195 P3d 64 (2008). In *Smith I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on a judicial finding that the victim was particularly vulnerable. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Smith I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree sexual abuse and one count of coercion, committed against his then 10-year-old niece. The trial court imposed a durational departure sentence of 18 months' imprisonment on the coercion count, to be served consecutively to concurrent 75-month prison terms that the court imposed on the two first-degree sexual abuse convictions. The court imposed the consecutive departure sentence based on its finding that "the victim in this case was particularly vulnerable given the age of the victim who was the subject of this coercion and the relationship between you and the child. So I'm going to do a departure on that."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under similar circumstances to the imposition of the departure sentence in this case—that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses—constituted "plain error." Although the Supreme Court

reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found that the victim in this case was particularly vulnerable. *See Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

The trial court imposed a consecutive departure sentence on defendant's coercion conviction on the basis of its finding that the victim was particularly vulnerable, given her age and her relationship to defendant. As the Supreme Court explained in *Ramirez*, there is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Here, the victim testified that the abuse had occurred near her tenth birthday, and the undisputed evidence also showed that the victim was defendant's niece. That evidence was sufficient to remove any legitimate debate regarding the existence of the departure factor. As with the departure factor at issue in *Ramirez*, "on this record, no reasonable factfinder * * * could conclude anything other" than that the victim was particularly vulnerable by virtue of her age and her relationship to defendant. *Id.* at 513. Accordingly, we decline to exercise our discretion to correct the trial court's error.

Affirmed.