Submitted on record and briefs January 26, sentences vacated; remanded for resentencing; otherwise affirmed February 28, petition for review denied May 22, 2007 (342 Or 727)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD KENNETH STRASSER JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR020670; A124764

154 P3d 130

David E. Groom filed the brief for appellant. Ronald Kenneth Strasser Jr. filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

**PER CURIAM**

After a jury trial, defendant was convicted of two counts of assaulting a public safety officer, ORS 163.208, and two counts of resisting arrest, ORS 162.315. On the convictions for assaulting a public safety officer, the court imposed concurrent durational departure sentences of 60 months' imprisonment, based on its own findings that defendant had been persistently involved in similar offenses, was not a probationary candidate, and had exhibited a "deep contempt for legal authority."

On appeal, defendant makes several assignments of error related to his convictions, all of which we reject without discussion. With respect to his sentencing, defendant argues that the departure sentences violated his rights under the Sixth Amendment to the United States Constitution based on the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), because the sentences were based on facts that were not admitted by defendant or found by a jury. Although defendant did not advance such a challenge below, he argues that the sentences should be reviewed as plain error. The state concedes that under *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), defendant's sentencing was plainly erroneous. We agree and accept the concession.

Sentences vacated; remanded for resentencing; otherwise affirmed.