Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed January 21, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONNIE LEE, JR.,
aka Ronnie Lee,
*Defendant-Appellant.*

Multnomah County Circuit Court
031135840; A124834

201 P3d 258

Ernest G. Lannet, Senior Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Lee*, 202 Or App 665, 123 P3d 378 (2005) (*Lee I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Lee*, 345 Or 315, 195 P3d 63 (2008). In *Lee I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses and that incarceration and probation had not deterred his conduct. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we correctly exercised our discretion in *Lee I*. Accordingly, we again remand for resentencing.

Defendant was convicted of one count of second-degree assault, one count of attempted first-degree assault, one count of coercion, and one count of unlawful use of a weapon, all arising out of his beating of his domestic partner. All four convictions were designated as crimes of domestic violence under ORS 135.230. The trial court imposed a durational departure sentence of 144 months' imprisonment on Count 1, 70 months of which were imposed pursuant to ORS 137.700 (Measure 11). Defendant's remaining sentences were ordered to be served concurrently to that 144-month sentence. The court imposed the departure sentence after finding that defendant had been persistently involved in similar offenses and that incarceration and probation had not deterred his criminal conduct.

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent

during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factors upon which the trial court relied. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In this case, the trial court did not indicate whether it was relying on the departure factors that it found singly or in combination. We therefore assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, a remand for resentencing may be warranted if any one of the factors that the trial court relied on is subject to debate.

Because it is dispositive, we begin and end with the trial court's finding that defendant was undeterred by prior sanctions. For the reasons explained in *State v. Lennon*, 225 Or App 318, 323-24, 201 P3d 264 (2009), we conclude that the court erred in sentencing defendant in the absence of a jury finding that he was undeterred by prior incarcerations and probations and that we should exercise our discretion to correct that error.[1] Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.

---

[1] This is not a case where the trial court heard testimony regarding defendant's failure to comply with prior probations. *Cf. State v. Strasser*, 225 Or App 333, 338, 201 P3d 271 (2009). On this record, we cannot say that no reasonable jury could conclude other than that defendant was undeterred by his prior sanctions. *See Ramirez*, 343 Or at 515 (explaining standard); *State v. Williams*, 225 Or App 325, 331, 201 P3d 267 (2009) (so holding).