Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed January 21, petition for review denied May 14, 2009 (346 Or 213)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# RONALD KENNETH STRASSER, JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR020670; A124764

201 P3d 271

David E. Groom for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Strasser*, 211 Or App 244, 154 P3d 130, *rev den*, 342 Or 727 (2007) (*Strasser I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Strasser*, 345 Or 316, 195 P3d 64 (2008). In *Strasser I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on a judicial finding that defendant had been persistently involved in similar offenses and was not amenable to probation. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we improperly exercised our discretion in *Strasser I*. Accordingly, we affirm.

Defendant was convicted of two counts of felony assaulting a public safety officer (Counts 1 and 3) and two counts of resisting arrest (Counts 2 and 4). On Count 1, the trial court imposed a departure sentence of 60 months' imprisonment after finding that defendant had been "persistently involved" in similar crimes, had a "deep contempt for legal authority," and was "not amenable to probation." On Count 3, the trial court imposed a 60-month departure sentence, to be served concurrently with the sentence on Count 1, based on the same grounds it relied on in imposing a departure sentence on Count 1. On Counts 2 and 4, the court sentenced defendant to 12-month concurrent prison terms.

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses,

constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion; however, we decline to do so.

■  The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found that defendant was not "amenable to probation." *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

■  In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination; we therefore assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, a remand for resentencing may be warranted if either of the factors relied on by the trial court is subject to debate. Here, the trial court relied, in part, on the aggravating factor of defendant's persistent involvement in similar crimes. We therefore first consider whether there is any legitimate debate concerning whether the jury would have made the same finding.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Oregon Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." As the court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar

offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 513-14. Thus, to eliminate any legitimate debate that a defendant was persistently involved in similar offenses, the evidence must establish not only that the defendant had two or more similar prior convictions, it must also support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, we conclude that a jury would readily draw that inference. In pronouncing sentence, the trial court explained that it relied on

"the representation of the District Attorney that you, your criminal history classifies you as an A based on prior convictions for manslaughter, hit and run involving an injured person, and two separate resisting arrest convictions, that would be two person felonies and two person misdemeanors equaling for guidelines purposes, three person felonies making you an A.

"* * * * *

"I do think it is an aggravating factor that you have been persistently involved in similar type conduct unrelated to this * * * and the numerous convictions I see here for harassment, disorderly conduct, failure to appear, contempt, and other matters that just show a general and pervasive contempt for legal authority * * *."

The evidence at sentencing established that defendant had multiple prior convictions for similar offenses; indeed, he had two prior convictions for the *same* offense—resisting arrest—that he was convicted of in this case. Defendant also had two prior convictions for person felonies and "numerous convictions" for harassment and disorderly conduct. It is difficult to imagine that a jury would not have found, by virtue of the number and frequency of defendant's prior convictions, that he had been persistently involved in similar offenses.

Because the trial court did not specify that each departure factor was individually sufficient to support the imposition of a departure sentence, we also must determine whether there is a "legitimate debate" that a jury would have found defendant to "not be amenable to probation." As the trial court explained:

> "Weighing those, weighing your, and I was interested and I did take note of the statements of the individual from the Corrections Department. It is clear that you are not amenable to probation. That you are not a good candidate for probation. There is nothing really nothing that probation has to offer you * * *, in any way.
>
> "That you are extremely unlikely to cooperate with any sort of program. I think you are in deep need of programs, but I think that you are unlikely and unwilling to cooperate with any of those as you were unwilling to even participate in your trial the other day."

At sentencing, a probation officer testified that defendant had failed to comply with the conditions of his probation and that he had actively interfered with his probation officers. The officer stated that, "it is our office recommendation to the court that [defendant] is not an appropriate candidate for supervision due to the ongoing lengthy history of just total absolute noncompliance and just the constant challenge of every piece of authority."

That evidence was uncontroverted and, in our view, was "overwhelming." Thus, we conclude that there is no legitimate debate that the jury would have found that defendant was not amenable to probation.

For the above reasons, defendant's interest in a second sentencing hearing is minimal. In contrast, the judicial system's interest in avoiding "unnecessary, repetitive, sentencing proceedings" weighs against the exercise of our discretion to correct the trial court's error. *Fults*, 343 Or at 523. We therefore decline to do so.

Affirmed.