Submitted on record and briefs September 29, sentences vacated; remanded for resentencing; otherwise affirmed November 8, 2006, petition for review denied February 21, 2007 (342 Or 417)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSE RAMON RAMIREZ,
*Appellant.*

03C52243; A123501

147 P3d 351

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Jose R. Ramirez filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the briefs for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Following a jury trial, defendant was convicted of two counts of unlawful sexual penetration in the first degree, ORS 163.411, and four counts of sexual abuse in the first degree, ORS 163.427. At sentencing, the trial court counted those convictions toward defendant's criminal history for purposes of calculating his presumptive sentence. The trial court also imposed an upward durational departure sentence on defendant's conviction for one count of unlawful sexual penetration in the first degree. The court based the departure sentence on its own findings that there were multiple victims, that the victims were particularly vulnerable, and that defendant had been persistently involved in similar offenses.

■■ On appeal, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in imposing a departure sentence on one of his convictions because it based the departure on facts that were not admitted by defendant or found by a jury. Defendant concedes that he failed to preserve that assignment of error, but argues that the sentence should be reviewed as plain error. Under our reasoning in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error. Because we remand the entire case for resentencing, ORS 138.222(5), we need not address defendant's alternative arguments regarding his sentences.

Defendant also raises several assignments of error regarding his convictions in a *pro se* supplemental brief; we reject those assignments without discussion.

Sentences vacated; remanded for resentencing; otherwise affirmed.