Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed January 28, petition for review denied June 17, 2009 (346 Or 362)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JOSE RAMON RAMIREZ,**
*Defendant-Appellant.*

Marion County Circuit Court
03C52243; A123501

202 P3d 193

Ernest G. Lannet, Senior Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Ramirez*, 209 Or App 238, 147 P3d 351 (2006), *rev den*, 342 Or 417 (2007) (*Ramirez I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Ramirez*, 345 Or 316, 195 P3d 63 (2008). In *Ramirez I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that the victims were particularly vulnerable, that there were multiple victims, and that defendant had been persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of the Supreme Court's decisions in *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Ramirez I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of unlawful sexual penetration and four counts of sexual abuse in the fourth degree. Counts 1 through 4 involved abuse of defendant's niece; Counts 5 and 6 involved abuse of defendant's stepdaughter. The trial court imposed a durational departure sentence of 240 months' imprisonment on Count 2 after finding that

> "the children are particularly vulnerable because they were being taken care of * * * in a baby-sitting sort of manner; also there are multiple victims, obviously there are two victims; and most appropriately, persistent involvement in criminal activity of this sort. Each of these multiple aggravating factors support my finding for a durational departure * * *."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 317 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under

circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his right to a jury trial on at least one of the charged offenses, constituted "plain error." Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion, because there is "no legitimate debate" that a jury would have found the departure factors relied upon by the trial court. *See Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

Because it is dispositive, we address only the departure factor of the particular vulnerability of the victims.[1] The trial court imposed the durational departure sentence on Count 2 of the indictment, unlawful sexual penetration, committed against defendant's niece, who was younger than eight years old during the time when defendant committed his crimes. We readily conclude that there is no legitimate debate that the jury would have found that defendant's conviction on Count 2 involved a vulnerable victim by virtue of both her age and her relationship to defendant. Accordingly, we decline to exercise our discretion to correct the assigned error.

Affirmed.

---

[1] Any one factor is dispositive because the trial court stated, on the record, that any of the factors it enumerated was sufficient, individually, to support its decision to impose a durational departure sentence.