Argued and submitted February 22, sentences vacated; remanded for
resentencing; otherwise affirmed May 3, 2006

STATE OF OREGON,
*Respondent,*

*v.*

PAMELA SUE TARKINGTON,
*Appellant.*

C031920CR; A123372

134 P3d 1104

David C. Degner, Deputy Public Defender, argued the
cause for appellant. With him on the brief were Peter A.
Ozanne, Executive Director, and Peter Gartlan, Chief
Defender, Legal Services Division, Office of Public Defense
Services.

Douglas F. Zier, Assistant Attorney General, argued the
cause for respondent. With him on the brief were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor
General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.*

LANDAU, P. J.

---

* Ortega, J., *vice* Ceniceros, S. J.

## LANDAU, P. J.

Following a jury trial, defendant was convicted of one count of aggravated theft in the first degree, ORS 164.057, two counts of criminal possession of a forgery device, ORS 165.032, and 40 counts of identity theft, ORS 165.800. The trial court imposed upward departure sentences on several of the convictions, based on its finding of various aggravating factors. The court also ordered that defendant not be considered for early release and sentence reduction programs. ORS 137.750. On appeal, defendant assigns error to the denial of her motion for a judgment of acquittal with respect to the aggravated theft count and raises several constitutional challenges to her sentences.

We reject defendant's first assignment of error, regarding the denial of her motion for acquittal, without discussion.

Among other assignments of error related to her sentences, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in imposing an upward dispositional and durational departure sentence on her conviction for possession of a forgery device based on facts that defendant did not admit and that were not found by a jury, namely, that defendant's crime involved "organized criminal activity" and that defendant was persistently involved in similar offenses. Defendant concedes that she did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error.

In two recent cases involving unpreserved *Blakely* challenges to departure sentences, *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *State v. Perez*, 340 Or 310, 131 P3d 168 (2006), the Supreme Court concluded that the trial court did not commit plain error in finding aggravating factors because it was possible for an appellate court to infer from the record that the defendants, who did not object to the trial court's factfinding, chose to have the trial court, rather than a jury, find the aggravating factors. *Perez*, 340 Or at 318. This case is distinguishable from both *Gornick* and

*Perez*, however, because in each of those cases, at the outset of the proceedings, the defendant expressly waived his right to have his case tried to a jury. By contrast, in this case, at no time in the proceedings did defendant waive her jury-trial right. As a result, we are unable to properly infer from the record the possibility that defendant waived that right with regard to sentencing. *See State v. Ramirez*, 205 Or App 113, 124-25, 133 P3d 343 (2006). Imposition of the departure sentence was therefore plain error, which, for the reasons explained in *Ramirez*, we exercise our discretion to correct. *See id.* Defendant also argues that the trial court's order denying her eligibility for sentence modification programs violated the principles articulated in *Blakely* and *Apprendi*. Our decision in *State v. Clark*, 205 App 338, 134 P3d 1074 (2006), in which we rejected that argument, is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.