Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## PAMELA SUE TARKINGTON,
*Defendant-Appellant.*

Washington County Circuit Court
C031920CR; A123372

203 P3d 230

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Tarkington*, 205 Or App 473, 134 P3d 1104 (2006) (*Tarkington I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Tarkington*, 345 Or 316, 195 P3d 64 (2008). In *Tarkington I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for possession of a forgery device, ORS 165.032, based on judicial factfinding, in violation of her rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). *Tarkington I*, 205 Or App at 475. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we decline to exercise our discretion to correct the unpreserved sentencing error. Accordingly, we affirm.

■ Defendant was charged with one count of aggravated theft, ORS 164.057, two counts of criminal possession of a forgery device, ORS 165.032, and 40 counts of identity theft, ORS 165.800. After a trial to a jury, she was convicted on all counts. The trial court imposed an upward departure sentence on the aggravated theft conviction, based on its finding that defendant had lied on the witness stand. The court also imposed an upward dispositional and durational departure on one of the convictions for criminal possession of a forgery device, based on findings that (1) the crime was a part of an organized criminal operation and (2) defendant had engaged in persistent involvement in similar offenses unrelated to the current offense. Finally, the court imposed upward departure sentences on three of the identity theft convictions, finding that: (1) as to the first, there were multiple victims unrelated to the current crime; (2) as to the second, defendant had violated a position of trust; and (3) as to the third, the crime was part of an organized criminal operation.

On appeal, defendant argues that the imposition of each of the departure sentences ran afoul of *Blakely*. Given that each of the court's bases for departure was predicated on judicial factfinding, we agree with defendant that the imposition of the departure sentences constituted error apparent on the face of the record. ORAP 5.45.

■■ The issue, then, is whether we should exercise our discretion under *Ailes* to correct that error in the circumstances of this case. In determining whether to exercise our discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. If we conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support an enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

We conclude that, in this case, the competing interests of the parties militate strongly against remand to the trial court to correct the sentencing error. A detailed recitation of the facts would not benefit the bench, the bar, or the public. As to the aggravated theft conviction, we agree with the trial court that the jury's verdict necessarily indicated its disbelief of defendant's testimony concerning that crime. As such, we conclude that there is no legitimate debate that the jury, had it been asked to make a finding that defendant lied on the witness stand, would have done so. Regarding the upward departure sentences on the remaining convictions, suffice it to say that defendant obtained personal information about numerous individuals through her employment at a mortgage company, and she and her accomplices used that information—as well as personal information gleaned in other ways from other individuals—to create and use forged identity documents. The evidence demonstrated that the operation was well organized and was far more extensive than is reflected by the convictions in this case.

Under these circumstances—and where it is virtually certain that, on resentencing, the sentencing court could and would impose the same sentence again, *cf. State v. Bowen*, 220 Or App 380, 382, 185 P3d 1129 (2008) (concluding that sentencing error was harmless because it was clear that, on remand, the court could and would impose the same sentence)—we conclude that the "interests of the parties" factor is dispositive. We therefore decline to exercise our discretion to correct the sentencing error.

Affirmed.