Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed
February 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRANCE CHRISTOPHER WALSTON,
*Defendant-Appellant.*

Washington County Circuit Court
C031921CR; A123519

203 P3d 273

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

**PER CURIAM**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Walston*, 205 Or App 566, 134 P3d 1114 (2006) (*Walston I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Walston*, 345 Or 316, 195 P3d 64 (2008). In *Walston I*, we remanded for resentencing, citing *State v. Tarkington*, 205 Or App 473, 134 P3d 1104 (2006) (*Tarkington I*), which concerned a codefendant. In *Tarkington I*, the court had imposed an upward departure sentence based on judicial factfinding, in violation of the codefendant's rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). *Tarkington I*, 205 Or App at 475. The present case, like *Tarkington I*, involves judicial factfinding in support of departure sentences. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). After remand in *Tarkington I*, however, we declined to exercise our discretion to correct the sentencing error, concluding that no legitimate debate existed as to whether a jury would find the facts necessary to impose the departure sentences. *State v. Tarkington*, 226 Or App 145, 203 P3d 230 (2009) (*Tarkington II*).

The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. The charges and convictions at issue in the present case are identical to *Tarkington II*. The record in this case is the same as in *Tarkington II*. Moreover, each departure factor used in this case was also the basis for a departure in *Tarkington II*. Under the circumstances presented here, we conclude, for the reasons stated in *Tarkington II*, that we should not exercise our discretion to correct the sentencing error.

Affirmed.