Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed
April 1, petition for review denied July 29, 2009 (346 Or 590)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROMAN T. TATARINOV,
*Defendant-Appellant.*

Multnomah County Circuit Court
020532806, 020533232;
A121006 (Control), A121007

205 P3d 79

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Tatarinov*, 202 Or App 217, 120 P3d 1253 (2005) (*Tatarinov I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Tatarinov*, 345 Or 316, 195 P3d 64 (2008). In *Tatarinov I*, we remanded for resentencing because the court had imposed upward departure sentences on two of defendant's convictions for identity theft, based on judicial fact-finding, in violation of his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise our discretion to correct the error. Accordingly, we affirm.

In these two consolidated cases, defendant was convicted of, among other crimes, six counts of identity theft. ORS 165.800. On two of the convictions, the trial court imposed upward departure sentences of 18 months' imprisonment. One of the departure sentences was based on the trial court's finding that defendant had been persistently involved in similar activity; the other departure sentence was based on the trial court's finding that defendant was on release at the time of that offense.

In determining, on remand, whether to exercise our *Ailes* discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Where we are able to conclude that there would be "no legitimate debate" that a jury

would find the facts necessary to support the enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.* If there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the error. *Id.*

Here, a lengthy description of the facts would not benefit the bench, the bar, or the public. With respect to "persistent involvement," suffice it to say that the record indicates that defendant had extensive, ongoing involvement in activities related to identity theft and forgery, *cf. State v. Tarkington*, 226 Or App 145, 203 P3d 230 (2009) (same), as well as a conviction for forgery and two convictions for identity theft on which he was awaiting sentencing when he committed the present offenses. We thus conclude that, had a jury been asked to make a finding as to whether defendant had been persistently involved in criminal activity similar to the present crimes, it would have done so. With respect to the "on release" departure factor, the prosecutor represented to the court, and defendant did not dispute, that the crime at issue was committed while defendant was on release awaiting sentencing in the other case. On appeal, defendant does not suggest that the factual basis for this departure factor is lacking; he merely argues that he is entitled to have a jury finding on the question. Under circumstances such as these, we elect not to remand for sentencing in order to have a factual determination made by a jury concerning a fact that, if there had been any legitimate debate as to its existence, would have been contested in the sentencing proceeding.

Affirmed.