FILED

JUL 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROMAN T. TATARINOV,

                Petitioner - Appellant,

    v.

JEFF PREMO,

                Respondent - Appellee.

No. 12-35184

D.C. No. 3:09-cv-01377-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 11, 2013[**]
Portland, Oregon

Before: PREGERSON, MURGUIA, and CHRISTEN, Circuit Judges.

    Roman Tatarinov's sentence for his conviction for identity theft was

enhanced because of his prior involvement in similar activity, a fact found by the

sentencing judge but not proven to a jury. Tatarinov claims that this was a

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of his Sixth Amendment right to a jury trial, but he made no objection until his appeal.

The Oregon Court of Appeals considered Tatarinov's Sixth Amendment argument under Oregon's plain error rule—Oregon Rule of Appellate Procedure 5.45(1)—which considers (1) if there was an obvious constitutional error and (2) whether the court should exercise its discretion to correct the error. *See State v. Tatarinov*, 120 P.3d 1253, 1254 (Or. Ct. App. 2005) ("*Tatarinov I*" (per curiam)).

After the Oregon Court of Appeals initially granted relief, the case was remanded by the Oregon Supreme Court for reconsideration in light of *State v. Ramirez*, 173 P.3d 817 (Or. 2007). *See State v. Tatarinov*, 195 P.3d 64 (Or. 2008). On remand, the Oregon Court of Appeals considered whether, even assuming that there was an obvious constitutional error, it should exercise its discretion to review the claim. *State v. Tatarinov*, 205 P.3d 79, 80–81 (Or. Ct. App. 2009) ("*Tatarinov II*"). In deciding whether to exercise its discretion, the Oregon Court of Appeals took account of "numerous considerations, including 'the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case.'" *Id.* at 80 (quoting *Ailes v. Portland Meadows, Inc.*, 823 P.2d 956, 959 n.6 (Or. 1991)). Because "the record indicates that defendant had extensive, ongoing involvement in activities related to identity theft and forgery,"

and because Tatarinov did not contest that fact, the Oregon Court of Appeals declined to correct the error. *Id.* at 81.

Tatarinov sought habeas relief in federal court, but the district court denied his petition. The adequate and independent state ground doctrine bars federal courts from considering a federal constitutional argument on habeas review if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The Oregon Court of Appeals rejected Tatarinov's claim based on its consideration of the equitable interests of the parties in his case, which is independent of federal law. *See Nitschke v. Belleque*, 680 F.3d 1105, 1108 (9th Cir. 2012) (holding that Oregon's plain error review is independent of state law).

The Oregon plain error rule is also an "adequate" state ground because it is "firmly established and regularly followed." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009)). The fact that Oregon clarified its rule while Tatarinov's case was on direct appeal does not render it inadequate. *See Kindler*, 558 U.S. at 63–66 (Kennedy, J., concurring). Even if the exact contours of the doctrine were not clarified until *Ramirez*, Tatarinov had no reasonable expectation that he could default his claim but still obtain review on appeal.

**AFFIRMED**.